# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PC SPECIALISTS, INC., dba TECHNOLOGY INTEGRATION GROUP,<br><br>          Plaintiff,<br><br>v.<br><br>MADE TECHNOLOGY LLC,<br><br>          Defendant. | Case No.: 17-CV-1710 W (JMA)<br><br>**ORDER VACATING ORDER TO SHOW CAUSE [DOC. 6]** |

  Plaintiff PC Specialists, Inc., dba Technology Integration Group ("TIG"), filed this action on August 23, 2017, invoking the jurisdiction of the Court pursuant to 28 U.S.C. § 1332. (*Compl.* [Doc. 1] ¶¶ 3–5.)

> **(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States[.]**

28 U.S.C. § 1332(a).

> **For the purposes of [§ 1332] . . . (1) a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]**

28 U.S.C. § 1332(c).

//

//

1

For purposes of § 1332, a limited liability company "is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

In the initial Complaint, TIG alleged that it is "a corporation incorporated under the laws of California, with its principal place of business in San Diego, California[,]" making it a citizen of California. (*Compl.* [Doc. 1] ¶ 3.) See 28 U.S.C. § 1332(c). However, it did not allege facts allowing the Court to infer the citizenship of Defendant Made Technology. (*See Compl.* [Doc. 1] ¶ 4.) The Complaint merely stated that "[u]pon information and belief, Defendant Made Technology is a limited liability company organized under the laws of New Jersey, and of which no member is a citizen of California." (*Id.* [Doc. 1] ¶ 4.)

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (citing and quoting by parenthetical Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000) ("[I]n a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.") (in turn quoting Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co., 177 F.3d 210, 222 n.13 (3d Cir. 1999))); see generally Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain . . . (1) a short and plain statement of the grounds for the court's jurisdiction . . . .").

In the initial Complaint, TIG did not affirmatively allege the actual citizenship of all relevant parties, and no unusual circumstances appeared from the face of the Complaint. See Kanter, 265 F.3d at 857; Fed. R. Civ. P. 8.

On August 28, 2017, the Court ordered TIG to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (*OSC* [Doc. 6].) TIG responded on September 1, asserting that "publicly available information about Made Technology's members is limited, and TIG is unable to allege for certain the current state citizenship of Made Technology's members." (*OSC Response* [Doc. 7] 1:15–18.) It also filed a First

Amended Complaint ("FAC") alleging that "[u]pon information and belief, Defendant Made Technology is a limited liability company organized under the laws of New Jersey, all members of which are citizens of New Jersey." (*FAC* [Doc. 8] ¶ 4.)

In light of the foregoing, it would appear that complete diversity of citizenship exists between the parties. Thus, the Court's August 28, 2017 OSC is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: September 5, 2017

Hon. Thomas J. Whelan
United States District Judge